


**U.S. Department of Justice**
Civil Division

VIA CM/ECF

April 13, 2023

Christopher G. Conway, Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

RE: *Atkinson v. Attorney General* (No. 22-1557) (oral argument held on November 8, 2022)

Dear Mr. Conway:

We respectfully inform the Court of the Eighth Circuit's decision in *United States v. Sitladeen*, No. 22-1010, 2023 WL 2765015 (April 4, 2023). *Sitladeen* rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(5)(A), which prohibits firearm possession by noncitizens who are unlawfully present in the United States. The court concluded that the issue was controlled by prior circuit precedent holding that individuals subject to this statute "are not part of 'the people' to whom the protections of the Second Amendment extend." *Id.* at *5. *Sitladeen* reasoned that the analysis in *United States v. Flores*, 663 F.3d 1022 (8th Cir. 2011), was "consistent with" the Supreme Court's decision in *Bruen*, as *Flores* had "not reach[ed] [its] conclusion . . . by engaging in means-end scrutiny or some other interest-balancing exercise" but rather by concluding that the conduct regulated by the statute was not "protected by the plain text of the Second Amendment." *Id.* at *4-5.

The decision in *Sitladeen* is consistent with the government's argument in this case that the class of individuals to whom the Second Amendment right extends does not include those who have committed felony and felony-equivalent offenses and are therefore subject to 18 U.S.C. § 922(g)(1). *See* Gov't Br. 9-13. *Sitladeen* further confirms the continued precedential nature of pre-*Bruen* decisions that upheld felon-dispossession laws without relying on means-end scrutiny. *See* Gov't Br. 10-11 (citing decisions of the D.C., Fourth, Fifth, Tenth, and Eleventh Circuits). And *Sitladeen* reflects that where a regulation comports with "*Bruen*'s threshold textual inquiry," "the

Government bears no burden" to show that the regulation is consistent with historical tradition, 2023 WL 2765015, at *4 n.3—a showing that, in any event, the government has made with respect to Section 922(g)(1), *see* Gov't Br. 13-16.

Sincerely,

*/s/ Steven H. Hazel*
Steven H. Hazel
Attorney

cc: all counsel (via CM/ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Steven H. Hazel*
STEVEN H. HAZEL