

June 6, 2023

**<u>VIA</u> ECF ONLY**

United States Court of Appeals for the Seventh Circuit
Attn: Christopher G. Conway, Clerk of Court
Office of the Clerk
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, IL 60604

      Re:    *Patrick Atkinson v. Garland, et al*
               Appellate No. 22-1557 (oral argument held on November 8, 2022)
               N.D. Ill. Case No. 1:21-CV-291

**<u>PLAINTIFF-APPELLANT'S F.R. APP. P. 28(j) MEMORANDUM OF ADDITIONAL AUTHORITY</u>**

Dear Mr. Conway:

     Plaintiff respectfully informs this Court of the Third Circuit's precedential decision in *Range v. AG United States*, No. 21-2835, 2023 U.S. App. LEXIS 13972 (3rd Cir. June 6, 2023) (*en banc*). The challenger in *Range*, who was convicted in 1995 of a state law welfare fraud offense punishable by up to five years' imprisonment, brought an as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1). The *en banc* Third Circuit held that 18 U.S.C. § 922(g)(1) as applied to Range is unconstitutional.

     Applying the required "text and history"-focused test from *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), the Court first concluded that Range remained among 'the people' protected by the Second Amendment despite his conviction. *Range*, 2023 U.S. App. LEXIS 13972, *14.

     The Court next concluded that "§ 922(g)(1) regulates Second Amendment conduct" and that Range's requests to possess firearms for hunting and home defense "tracks the constitutional right as defined by *Heller*." *Id.* at **14-15. "[T]he Second Amendment's plain text covers [Range's] conduct,' and 'the Constitution presumptively protects that conduct.'" *Id.* at *15 (quoting *Bruen*, 142 S. Ct. at 2126).

     The Court then considered whether the Government "justified applying § 922(g)(1) to Range 'by demonstrating that it is consistent with the Nation's historical tradition of firearm

regulation," and held the Government has not carried its burden. *Range*, 2023 U.S. App. LEXIS 13972, *15.

The Court discussed held: "Historical tradition can be established by analogical reasoning, which 'requires only that the government identify a well-established and representative historical analogue….'" *Id.* at *15-16 (quoting *Bruen,* 142 S. Ct. at 2133). The Court analyzed the Government's analogues and found them insufficient under *Bruen*. *Range*, 2023 U.S. App. LEXIS 13972, **16-19. "The Government has not shown that the Nation's historical tradition of firearms regulation supports depriving Range of his Second Amendment right to possess a firearm." *Id.* at *23.

As Plaintiff is similarly-situated to Range, the Third Circuit's reasoning applies, and Plaintiff's as-applied challenge to 18 U.S.C. § 922(g)(1) should prevail. In the alternative, the dismissal of Plaintiff's Complaint should be reversed and the matter remanded.

Very truly yours,

David G. Sigale

Attachment

cc: all Counsel (*via* CM/ECF)